UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM EDWARD ROGERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>K. SIMMONS, et al.,<br><br>　　　　Defendants. | No. 2:22–cv–349–KJM–KJN PS<br><br>ORDER GRANTING IFP REQUEST;<br>ORDER DIRECTING SERVICE<br><br>(ECF No. 2.) |

　　　Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF No. 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

　　　However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry. Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Further, the federal court has an independent duty to ensure it has subject matter jurisdiction over the case. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**Legal Standards**

Rule 8(a) requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Each allegation must be simple, concise, and direct. Rule 8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction in post-Iqbal cases).

**Analysis**

Plaintiff's complaint asserts a variety of federal and state claims connected to a January 2022 traffic stop by a Sacramento police officer. The complaint names the governor of California (official capacity), the California Attorney General (official capacity), the Sacramento District Attorney (official capacity), the Sacramento Police Chief (official capacity), Officer Simmons (official and individual capacity), ten Doe Defendants, and the Sacramento Police Department. Liberally construed, the complaint alleges that on January 6, 2022, Officer Simmons affected a traffic stop in South Sacramento based solely on plaintiff's race. The complaint then alleges the Sacramento Police Department affects racially-pretextual stops as a matter of practice. The complaint seeks monetary and injunctive relief. (See ECF No. 1.)

The court finds that plaintiff's complaint potentially contains claims against Officer Simmons, the Sacramento Police Chief, and the Sacramento Police Department that are sufficiently cognizable to survive this initial screening inquiry.[2] Accordingly, the court orders service of process by the U.S. Marshal on those named defendants. See 28 U.S.C. § 1915(d). Plaintiff must assist in providing the necessary information and materials for the Marshal to effect service on plaintiff's behalf (see paragraphs 5 and 6 below for plaintiff's required next steps).

Service will not be ordered on the Governor of California, the California Attorney General, and the Sacramento District Attorney, as the complaint states no facts connecting these defendants with the alleged claims in the complaint and otherwise makes conclusory assertions. To state a claim for relief under Section 1983, a plaintiff must allege that each defendant (1) acted under color of state law; and (2) caused a plaintiff to be deprived of a right secured by the Constitution or laws of the United States. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009). The causation inquiry "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

---

[2] The court reserves decision on the merits of plaintiff's claims until the record is sufficiently developed. This order does not preclude any defendant from challenging plaintiff's complaint through a timely motion under Rule 12 or other appropriate method.

3

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Service of the complaint is appropriate for the following named defendant(s):
    (i) Officer K. Simmons;
    (ii) Katherine Lester; Sacramento Police Chief; and
    (iii) The Sacramento Police Department;

3. The Clerk of Court shall issue forthwith all process pursuant to Federal Rule of Civil Procedure 4 without prepayment of costs. The Clerk shall send to plaintiff:
    (i) one copy of this order;
    (ii) one copy of the court's forthcoming order setting status conference;
    (iii) one copy of the Magistrate Judge Consent/Decline form; and
    (iv) a summons and a USM-285 form (with related documents) for each named defendant to be served;

4. The Clerk of Court is directed to serve a copy of this order on the U.S. Marshal;

***Plaintiff's Required Submission of Documents to U.S. Marshal***

5. Within 30 days from the date of this order, plaintiff shall submit to the U.S. Marshal (501 I Street, 5th Floor, Sacramento, CA 95814) the following:
    (i) 3 copies of this order;
    (ii) 3 copies of the court's order setting status conference;
    (iii) 3 copies of the Magistrate Judge Consent/Decline form;
    (iv) A completed summons and completed USM-285 form for each named defendant being served; and
    (v) 4 copies of the complaint;

6. Within 10 days of submitting these documents to the U.S. Marshal, plaintiff shall file with the court a statement indicating that the documents have been submitted;

***Marshal's Service of Process***

7. The U.S. Marshal shall:
    a. Within 60 days of the expiration of the waiver deadline, personally serve

process—along with a copy of the court's order setting status conference, a Magistrate Judge Consent/Decline form, and a copy of this order—on the serviceable defendants in accordance with Federal Rule of Civil Procedure 4 and 28 U.S.C. § 566(c); and

   b. Within 14 days after personal service is effected, file a return of service.

8. In the event the U.S. Marshal is unable, for any reason, to effect service on any defendant within this time frame, the Marshal shall report that fact, and the reasons for it, to the undersigned;

**_Miscellaneous Orders_**

9. The Clerk of the Court shall update the docket to reflect the additional named defendants identified in this order (Officer Simmons and the Sacramento Police Department);

10. Following service, defendant(s) shall reply to the complaint within the time provided in Federal Rule of Civil Procedure 12(a); and

11. Failure by any party to comply with this order may result in any appropriate sanctions, including monetary sanctions and/or dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

Dated: March 14, 2022

_[signature]_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

roge.349